ACCEPTED
12-15-00004-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/29/2015 9:52:24 AM
CATHY LUSK
CLERK

No. 12-15-00004-CV

**ORAL ARGUMENT NOT REQUESTED**

12th COURT OF APPEALS
TYLER, TEXAS
5/29/2015 9:52:24 AM
CATHY S. LUSK
Clerk

In the

**Twelfth Court of Appeals**

Ron Seale, Individually and as the Representative of the Estate of Clara Lavinia Seale

Appellant

v.

Horace Truett Seale and wife, Nan Seale

Appellee

---

Truett Seale and Nan Seale's Brief in Response

---

**Marisa M. Schouten**
Bar I. D. No. 24039163
**Martin Walker, P.C.**
121 N. Spring Avenue
The Arcadia Theater
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax

**Attorney for Appellees, Truett Seale and Nan Seale**

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as names and addresses of all counsel:

| **PARTIES** | **COUNSEL** |
|---|---|
| Appellant/Plaintiff: | For Appellant: |
| Ron Seale | Richard L. Ray<br>State Bar No. 16606300<br>Victoria Ray Thatcher<br>State Bar No. 24054462<br>Ray & Thatcher, Attorneys at Law, P.C.<br>300 S. Trade Days Blvd.<br>Canton, Texas 75103<br>(903) 567-2051 Telephone<br>(903) 567-6998 Telefax<br>rlray@rayandthatcher.com |
| Appellees/Defendants: | For Appellees: |
| Horace Truett Seale and wife, Nan Seale | Appellate Counsel:<br>Marisa Schouten<br>State Bar No. 24039163<br>Martin Walker P.C.<br>121 N . Spring Avenue<br>The Arcadia Theater<br>Tyler, Texas 75702<br>(903) 526-1600 Telephone<br>(903) 595-0796 Telefax<br>mschouten@martinwalkerlaw.com |

i

Trial Counsel:
John (Jack) F. Walker, II
State Bar No. 00785167
Martin Walker P.C.
121 N . Spring Avenue
The Arcadia Theater
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax
jwalker@martinwalkerlaw.com

**TABLE OF CONTENTS**

List of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

I.    The Requested Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  Reply to Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      1. The judge properly dismissed the case for lack of subject matter
      jurisdiction in the Van Zandt County Court at Law.

IV.   Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      1. The current suit, for recovery of land, filed in county court at law along
      with a notice of lis pendens. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      2. Ron Seale filed suit twice before about the Van Zandt County property.  5

            a. A chronology of events, detailing ownership history and litigation
            history . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            b. The first suit was filed in 2002, was tried in District Court, and
            resulted in directed verdict, from which plaintiff attempted to cure by
            nonsuit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            c. The second suit was filed in 2011, and immediately nonsuited . . . 8

V.    Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VI.   Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VII.  Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      1. The allegations in plaintiff's petition reveal that the gist is a
      suit for recovery of land. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

2. The statute that grants jurisdiction to the county court at law is clear: there is no jurisdiction in the Van Zandt County Court at Law for a suit to recover land. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

3. The Tyler Court of Appeals spoke to this exact issue in *Bishop v. TransCanada Keystone Pipe*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

4. The county court at law was without authority to do anything other than dismiss this case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

VIII.   Conclusion and Prayer for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

IX.    Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

iv

# **APPENDIX**

1.  Order dismissing case for lack of subject matter jurisdiction, signed December 16, 2014.
    CR 1:74.

2.  Pertinent provisions of the Texas Government Code

3.  *Bishop v. TransCanada Keystone Pipeline*, 2014 Tex. App. LEXIS 1140 (Tex. App.—Tyler 2014, no pet. )

# AUTHORITIES

## Cases:

*Bishop v. Transcanada Keystone Pipeline, L.P.*,
   2014 Tex. App. LEXIS 1130 (Tex. App.—Tyler 2014, no pet.) . . . . . . 9, 14

*Bland ISD v. Blue*,
   34 S.W.3d 547, 555 (Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Carroll v. Carroll*,
   304 S.W.3d 366 (Tex. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*City of Houston v. Rhule*,
   417 S.W.3d 440 (Tex. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Dubai Pet. Co. v. Kazi*,
   12 S.W.3d 71 (Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Heckman v. Williamson Cty.*,
   369 S.W.3d 137 (Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Mission Consol. ISD v. Garcia*,
   372 S.W.3d 629 (Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*State v. Sledge*,
   36 S.W.3d 152 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) . . . . . 10

*Tex. Dep't of Parks & Wildlife v. Miranda*,
   133 S.W.3d 217 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Texas Nat. Res. & Conserv. Comm'n v. White*,
   46 S.W.3d 864 (Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Rules, Statutes & Other Authorities:**

TEX. GOV'T CODE ANN. §25.003 (Vernon 2015) . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. GOV'T CODE ANN. §25.2362 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. GOV'T CODE ANN. §26.043 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# I. THE REQUESTED RELIEF

Truett and Nan Seale ask this Court to affirm the trial court's judgment.

# II. STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the Case* | This arises out of a dispute over ownership of 157 1/3 acres of real property located in Van Zandt County. |
| *Trial Court's Disposition* | Ron Seale filed suit in the Van Zandt County Court at Law on February 2, 2012. CR 6-13.<br><br>On October 10, 2014, Truett and Nan Seale filed a motion to dismiss for lack of jurisdiction. CR 28-51.<br><br>On December 16, 2014, the trial court dismissed the case for lack of jurisdiction. |

## III. REPLY TO ISSUES PRESENTED

1. The judge properly dismissed the case for lack of subject matter jurisdiction in the Van Zandt County Court at Law.

## IV. STATEMENT OF FACTS

This is a dispute arising out of ownership of 157 1/3 acres of real property in Van Zandt County (the "Van Zandt County Property"). CR 1:28-29. Specifically, Ron Seale is one of five children to Angus and Clara Seale, and Ron Seale believes he should have gotten 1/5 interest to the Van Zandt County Property upon his parents' passing. However, this property was sold in 1999 to Truett and Nan Seale, well before either parent passed, and Truett and Nan Seale own it in fee simple. CR 1:28-29.

This is the third time Ron has filed suit on this issue. CR 1:6, 29-30, and SCR 1:99, 102, 143.[1]

**1. The current suit, for recovery of land, filed in county court at law, along with a notice of lis pendens.**

Ron Seale, in his individual capacity and as a representative of the Estate of Clara Lavinia Seale, (collectively, "Ron Seale") sued Truett and Nan Seale under the declaratory judgment act regarding the Van Zandt County Property in the County Court at Law on February 2, 2012. CR 1:6-12.

Ron Seale's bare-bones contentions are: (1) Clara Seale was the sole owner in fee simple of the Van Zandt County Property, that (2) Clara Seale never

---

[1] Clerk's Record, Volume 1 shall be cited as "CR 1:___". Supplemental Clerk's Record, Volume 1 shall be cited as "SCR 1:___".

conveyed the property to Truett and Nan Seale and did not receive payment from them, that (3) Angus Seale conveyed the property to Truett and Nan Seale on August 9, 1999, and that (4) Truett and Nan Seale took possession of the property. CR 1:6-12.

In his petition, Ron Seale requested the following relief from the county court at law: (1) render a judgment declaring Truett and Nan Seale to have no right at law or equity in the Van Zandt County Property, (2) or alternatively, declare the specific nature and value of Truett and Nan Seale's interest, and (3) to award rents and profits to Ron Seale. CR 1:6-12. The petition attaches a warranty deed and site map. CR 1:13.

Ron Seale does not clearly set forth any particular cause of action, does not set forth his basis for relief, does not explain why it's okay to file this suit so long after the events giving rise to suit allegedly occurred, and does not set forth how he has standing to sue on behalf of the estate of Clara Seale, or how he has any individual interest or right to the land. CR 1:6-12.

But, Ron Seale did file a notice of lis pendens on the Van Zandt County property. CR 1:18-19.

4

**2. Ron Seale filed suit twice before about the Van Zandt County property.**

Ron Seale filed suit twice before regarding the Van Zandt County property, a brief history of which follows below:

**a. A chronology of events, detailing ownership history and litigation history.**

| Date | Description of Event |
|---|---|
| 5/8/1959 | Angus Seale purchased two, 80-acre tracts (160 acres) from his father, J.J. Seale, and owned it as "special" community property. Two acres of this was homesteaded. CR 1:29-30. |
| 7/27/1977 | Clara Seale executed her will, leaving all of her property to her husband, Angus Seale. SCR 1:89. |
| 8/9/1999 | Angus sold the Van Zandt County Property, 157.3 acres (comprised of 155.3 acres plus the 2 homesteaded acres) to Truett and Nan Seale. SCR 1:59-83. |
| 4/30/2001 | Clara Seale passed away. SCR 1:94. |
| 2/11/2003 | Will was admitted to probate. Paulette Seale, as independent executrix, probated Clara Seale's will, which left all possessions and interests to Angus Seale. CR 1:29-30. |
| 6/14/2002<br><br>12/20/2002 | Ron Seale filed suit for the first time:<br><br>1. Cause No. 02-00454, *In the Estate of Clara Lavinia Seale*, in the County Court of Van Zandt County ("Application for Letters of Administration"), and<br><br>2. Cause No. 02-01016, *Ron Seale, Individually and as the Representative of the Estate of Clara Lavinia Seale vs. Horace Truett Seale and wife Nan Seale and Angus Seale*, In the 294th Judicial District Court of Van Zandt County(Plaintiff's Original Petition).<br><br>Taken together, these two suits amounted to a will contest and a |

| | |
|---|---|
| | trespass to try title action for the Van Zandt County Property. SCR 1:99-107. |
| 1/29/2008 | Trial on the first suit Ron Seale filed, and the district court granted directed verdict as to the issue of will contest, and was about to grant directed verdict on the issue of standing when Ron Seale's counsel announced a nonsuit in open court. SCR 1:129-141. |
| 6/17/2011 | Ron Seale files suit for the second time, Cause No.11-00468. SCR1:143. |
| 6/20/2011 | Ron Seale files nonsuit for the second lawsuit, stating it was filed "in error". SCR 1:159. |
| 2/2/2012 | Ron Seale files suit for the third time, Cause No. CV-04647, in the County Court at Law for Van Zandt County, Texas. CR 1:6. |

**b. The first suit was filed in 2002, was tried in District Court, and resulted in directed verdict, from which plaintiff attempted to cure by nonsuit.**

On June 14, 2002, Ron Seale filed an Application for Letters of Administration, and on December 20, 2002, Ron Seale filed suit individually and on behalf of the estate of Clara Lavinia Seale against Truett and Nan Seale and Angus Seale, which were later consolidated (referred to as "the first suit"). SCR 1:99-107. In the first suit, Ron Seale initiated (1) a will contest and (2) a trespass to try title regarding his belief that he inherited a 1/5th interest in his mother's interest in the Van Zandt County Property. SCR 1:99-107.

In January 2008, the Court tried "the first suit" to a jury. SCR 1:129-141. These cases were tried in a consolidated fashion, and Ron Seale put on all of his

evidence, attempting to contest the will and claiming that there was undue influence on Clara Seale in execution of the will, and that the deed should be cancelled. SCR 1:129-141. Specifically, Ron wanted to be declared owner of 1/5 interest in the property at issue. SCR 1:129-141.

At the conclusion of Ron Seale's evidence, Ron Seale rested. SCR 1:129-141. After Ron Seale rested, defendants moved for directed verdict on the issue of will contest. SCR 1:129-141. After hearing all of Ron's evidence and the argument of counsel, the trial court granted directed verdict on the issue of will contest:

**THE COURT: Court's going to grant the directed verdict as to the issue of will contest.**

SCR 1:135.

Defendant also moved for directed verdict on the issue of standing. SCR 1:129-141. Specifically, Ron Seale did not have standing to bring suit on behalf of the estate of Clara Seale, to cancel the deed or to otherwise declare that Clara's property did not pass in the 1999 deed. SCR 1:129-141. Counsel for Ron Seale asked the Court for additional time to find his research at his office, and the Court gave him seven minutes. SCR 1:139. When counsel for Ron Seale returned, he announced nonsuit of all causes of action. SCR 1:140.

Counsel for Ron Seale filed a notice of nonsuit, and the nonsuit was devoid of any statement about whether it was taken with or without prejudice. SCR 1:124-127.

**c. The second suit was filed in 2011, and immediately nonsuited.**

On June 17, 2011, Ron Seale filed suit a second time, on these exact issues, Cause No. 11-00468, *Ron Seale, Individually and as the Representative of the Estate of Clara Lavinia Seale v. Horace Truett Seale and wife, Nan Seale*. SCR 1:143. In a letter dated July 13, 2011, counsel for Ron Seale admits that this second lawsuit was filed "in error" and that he filed a notice of nonsuit on June 20, 2011, dismissing the case. SCR 1:159.

## V. SUMMARY OF ARGUMENT

The sole issue on appeal is whether the county court at law has jurisdiction to determine a suit for recovery of land.

The statute granting jurisdiction to the Van Zandt County Court at Law does not extend to a suit for recovery of land.

Accordingly, the Van Zandt County Court at Law was without authority to do anything other than dismiss the case.

## VI. STANDARD OF REVIEW

Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004); *Bishop v. Transcanada Keystone Pipeline, L.P.*, 2014 Tex. App. LEXIS 1130, *3-4 (Tex. App.—Tyler 2014, no pet.). Because the trial court ruled that it lacked jurisdiction, this appeal presents a pure question of law and thus a *de novo* standard of review applies.

## VII. ARGUMENT AND AUTHORITIES

The sole issue on appeal is whether the trial court abused its discretion in dismissing the case for lack of subject matter jurisdiction. Appellant's Br. at 1.

The Court must decide whether plaintiff has affirmatively demonstrated this court's jurisdiction to hear this suit, based on the facts alleged by plaintiff and, when necessary to resolve jurisdictional facts, on evidence submitted by the parties. *Texas Nat. Res. & Conserv. Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Bland ISD v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *State v. Sledge*, 36 S.W.3d 152, 155 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

### 1. The allegations in plaintiff's petition reveal that the gist is a suit for recovery of land.

Ron Seale, in his individual capacity and as a representative of the Estate of Clara Lavinia Seale, (collectively, "Ron Seale") sued Truett and Nan Seale under the declaratory judgment act regarding the Van Zandt County Property in the County Court at Law on February 2, 2012. CR 1:6.

Ron Seale's bare-bones contentions are: (1) Clara Seale was the sole owner in fee simple of the Van Zandt County Property, that (2) Clara Seale never conveyed the property to Truett and Nan Seale and did not receive payment from them, that (3) Angus Seale conveyed the property to Truett and Nan Seale on

10

August 9, 1999, and that (4) Truett and Nan Seale took possession of the property. CR 1:6.

Ron Seale asks this Court to (1) render a judgment declaring Truett and Nan Seale to have no right at law or equity in the Van Zandt County Property, (2) or alternatively, declare the specific nature and value of Truett and Nan Seale's interest. and (3) to award rents and profits to Ron Seale. CR 1:6.

Further, it's clear from the transcript of the directed verdict that the District Court granted directed verdict as to the will contest. SCR 1:129-141. There is no probate issue in this proceeding.

Very clearly, this is only a suit for the recovery of land.

**2. The statute that grants jurisdiction to the county court at law is clear: there is no jurisdiction in the Van Zandt County Court at Law for a suit to recover land.**

In determining the jurisdiction of the Van Zandt County Court at Law, the Court must look to three provisions of the Texas Government Code– §25.003, §25.2362(a), and §26.043. A plain reading of the statute reveals that this Court does not have jurisdiction over a suit for the recovery of land. The pertinent provisions read as follows:

**§ 25.0003. Jurisdiction**

(a) A statutory county court has jurisdiction over all causes and

11

proceedings, civil and criminal, original and appellate, prescribed by law for county courts.

### § 25.2362.  Van Zandt County Court at Law Provisions

(a) In addition to the jurisdiction provided by Section 25.0003 and other law, and except as limited by Subsection (b), a county court at law in Van Zandt County has concurrent jurisdiction with the district court in:

(1) felony cases...

(2) Class A and Class B misdemeanor cases;

(3) family law matters;

(4) juvenile matters;

(5) probate matters;

(6) guardianship matters; and

(7) appeals from the justice and municipal courts.

### § 26.043.  Civil Matters in Which County Court Is Without Jurisdiction

A county court does not have jurisdiction in:

...

(8) a suit for the recovery of land.

TEX. GOV'T CODE ANN. §25.003, §25.2362(a), & §26.043 (Vernon 2015).

Texas Government Code Section 25.2362(a) explains that 25.003 defines the boundaries of the statutory county court's jurisdiction, and the jurisdiction is expanded to be concurrent with the district court's jurisdiction *only* in the enumerated provisions of 25.2362(a)(1)-(7). A suit for recovery of land is not listed in the enumerated provisions. Therefore, 15.2362 does not give jurisdiction to the statutory county court for this proceeding.

Section 15.003 explains that a statutory county court has jurisdiction as "proscribed by law for [constitutional] county courts."

The constitutional county courts are specifically limited in §26.043, which states that "A [constitutional] county court does not have jurisdiction in... (8) a suit for the recovery of land."

Accordingly, a plain reading of the statutes reveals that the county court at law does not have subject matter jurisdiction over a suit for recovery of land, such as this lawsuit.

**3. The Tyler Court of Appeals spoke to this exact issue in *Bishop v. TransCanada Keystone Pipe*.**

The Tyler Court of Appeals recently reviewed the subject matter jurisdiction of a similarly situated county court at law in *Bishop v. TransCanada Keystone*

*Pipe,* and it's on all fours with the case at hand.[2] 2014 Tex. App. LEXIS 1130, *4-5 (Tex. App.—Tyler 2014, no pet.). In *Bishop*, the Tyler Court of Appeals held that the clear and specific limitations in Government Code section 26.043 are made applicable to statutory county courts by section 25.003, and therefore the statutory county court lacked jurisdiction:

> The County Court at Law of Nacogdoches County is a statutory county court. *See* TEX. GOV'T CODE ANN. § 25.1761(West 2004). A statutory county court has the same jurisdiction as a constitutional county court. *See id. § 25.0003(a)* (West Supp. 2013). It does not have jurisdiction in "a suit for recovery of land." *Id.* § 26.043(8) (West 2004). A statutory county court has no jurisdiction over cases in which the gist of the plaintiff's claim is an adjudication of title even if the judgment sought does not include an express grant of relief with respect to title. When a party seeks rescission of a contract to purchase real property, a county court lacks jurisdiction....

> In sum, a statutory county court has no jurisdiction over cases in which the gist of the plaintiff's claim is an adjudication of title, even if the judgment sought does not include an express grant of relief with respect to title. Here, the gist of Bishop's action involves rescission of the easement. Therefore, the county court at law lacked jurisdiction over Bishop's claim. Bishop's sole issue is overruled.

*Id.* (internal citations omitted).

Accordingly, no statute grants authority to the Van Zandt statutory county court to hear this matter.

---

[2] The opinion is attached as Appendix 3 for the Court's convenience.

14

**4.The county court at law was without authority to do anything other than dismiss this case.**

The county court at law was without authority to do anything other than dismiss this case. The purpose of the plea to the jurisdiction is to dismiss a cause of action without regard to whether the claim has merit. *Mission Consol. ISD v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). The plea challenges the court's power to adjudicate the subject matter of the controversy. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149 (Tex. 2012). Subject-matter jurisdiction is essential to the authority of a court to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440 (Tex. 2013). Without subject-matter jurisdiction, a court cannot render a valid judgment. *Dubai Pet. Co. v. Kazi*, 12 S.W.3d 71, 74-75 (Tex. 2000). Subject-matter jurisdiction cannot be given or taken away by consent and cannot be waived. *Carroll v. Carroll*, 304 S.W.3d 366, 367 (Tex. 2010).

Accordingly, the county court at law appropriately dismissed this case.

## VIII. CONCLUSION AND PRAYER

For these reasons, this Court should affirm the trial court's judgment.

15

Respectfully submitted,



121 N. Spring Avenue
The Arcadia Theater
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax


By:    /s/ Marisa M. Schouten
       Marisa M. Schouten
       Bar I.D. No. 24039163

ATTORNEY FOR APPELLANT


**Certificate of Compliance**

I certify that appellant's brief contains 2,626 words according to the word count function of the computer program used in drafting the response.


/s/ Marisa Schouten
Marisa Schouten

## Certificate of Service

On the 29th day of May, 2015, I forwarded, via e-mail, regular U.S. mail, certified mail, return receipt requested, hand delivery or fax transmission, a copy of this brief as follows:

All counsel of record

/s/ Marisa Schouten
Marisa Schouten

APPENDIX 1

Order dismissing case for lack of subject matter jurisdiction, signed December 16, 2014.

CAUSE NO. CV04637

FILED FOR RECORD

2014 DEC 16 PM 3: 21

CHARLOTTE BLEDSO
COUNTY CLERK, VAN ZANDT CO., TX

BY_____DEP.

| | | |
|---|---|---|
| RON SEALE, Individually and as the | § | COUNTY COURT AT LAW |
| Representative of the Estate of | § | |
| CLARA LAVINIA SEALE | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | OF |
| | § | |
| HORACE TRUETT SEALE and wife, | § | |
| NAN SEALE, | § | |
| Defendants | § | VAN ZANDT COUNTY, TEXAS |

## ORDER

On November 20, 2014, the Court heard the Defendants' Motion to Dismiss for Lack of Jurisdiction. All parties were represented by counsel.

Having considered the motion, Plaintiff's response, the arguments of counsel, and the applicable law, the Court concludes that it lacks jurisdiction over the Plaintiff's claims. It is therefore ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction is hereby GRANTED.

SIGNED AND ENTERED on this the _16th_ day of December, 2014.

HONORABLE RANDAL L. McDONALD
JUDGE PRESIDING

74

# APPENDIX 2
Pertinent provisions of the Texas
Government Code

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

Tex. Gov't Code § 25.2361  (2014)

### § 25.2361.  Van Zandt County

Van Zandt County has one statutory county court, the County Court at Law of Van Zandt County.

### § 25.2362.  Van Zandt County Court at Law Provisions

(a) In addition to the jurisdiction provided by Section 25.0003 and other law, and except as limited by Subsection (b), a county court at law in Van Zandt County has concurrent jurisdiction with the district court in:

(1) felony cases to:

(A) conduct arraignments;

(B) conduct pretrial hearings;

(C) accept guilty pleas; and

(D) conduct jury trials on assignment of a district judge presiding in Van Zandt County and acceptance of the assignment by the judge of the county court at law;

(2) Class A and Class B misdemeanor cases;

(3) family law matters;

(4) juvenile matters;

(5) probate matters;

(6) guardianship matters; and

(7) appeals from the justice and municipal courts.

(b) A county court at law's civil jurisdiction concurrent with the district court in civil cases is limited to cases in which the matter in controversy does not exceed $ 200,000. A county court at law does not have general supervisory control or appellate review of the commissioners court or jurisdiction of:

(1) suits on behalf of this state to recover penalties or escheated property;

(2) felony cases involving capital murder;

(3) misdemeanors involving official misconduct; or

(4) contested elections.

(c) [Repealed by Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 4.50(a)(92), effective January 1, 2012.]

(d) The judge of a county court at law shall be paid a total annual salary set by the commissioners court at an amount that is not less than $ 1,000 less than the total annual salary received by a district judge in the county. A district judge's or statutory county court judge's total annual salary does not include contributions and supplements paid by a county.

(e) [Repealed by Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 4.50(a)(92), effective January 1, 2012.]

(f) The district clerk serves as clerk of a county court at law in family court matters and proceedings, and the county clerk shall serve as clerk of a county court at law in all other matters. Each clerk shall establish a separate docket for a county court at law.

(g) The official court reporter of a county court at law is entitled to receive a salary set by the judge of the county court at law with the approval of the commissioners court.

(h) [Repealed by Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 4.50(a)(92), effective January 1, 2012.]

(i) If a jury trial is requested in a case that is in a county court at law's jurisdiction, the jury shall be composed of six members unless the constitution requires a 12-member jury.


## ✚History:


Enacted by Acts 2009, 81st Leg., ch. 1103 (H.B. 4833), § 15, effective January 1, 2011; am. Acts 2011, 82nd Leg., ch. 773 (H.B. 1897), § 1, effective September 1, 2011; am. Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 4.50(a)(92), effective January 1, 2012.

## NOTES:

2011 amendment,
by ch. 773, added (a)(6); redesignated former (a)(6) as (a)(7); in (f), added "family court" and substituted "and proceedings" for "of concurrent jurisdiction with the district court"; and added (i).
2011 amendment,
by 1st C.S., ch. 3, repealed (c), which read: "The judge of a county court at law must have the same qualifications as those required by law for a district judge."; repealed (e), which read: "The judge of a county court at law may not engage in the private practice of law."; and repealed (h), which read: "Jurors summoned for a county court at law or a district court in the county may by order of the judge of the court to which they are summoned be transferred to another court for service and may be used as if summoned for the court to which they are transferred."

LexisNexis (R) Notes:

OPINIONS OF ATTORNEY GENERAL

1. The judge of the Van Zandt County Court at Law is authorized to appoint an official court reporter and set the reporter's salary with approval of the commissioners court; the judge of the Van Zandt County Court of Law has exclusive authority to control the official court reporter's hours of work; under Tex. Gov't Code Ann. § 25.2362(g), neither the judge of the Van Zandt County Court at Law nor the Commissioners Court has exclusive authority to set the salary of the official court reporter. Op. Tex. Att'y Gen. No. GA-0952 (2012).

2. Under Tex. Gov't Code Ann. § 25.2362(g), the Commissioners Court's authority to approve the salary of the County Court at Law court reporter does not include the authority to unilaterally set the reporter's salary; a reviewing court would likely conclude that Van Zandt County is required to provide the official court reporter for the County Court at Law a reasonable salary. Op. Tex. Att'y Gen. No. GA-0952 (2012).

LexisNexis (R) Texas Annotated Statutes
Copyright © 2014 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group
All rights reserved.

*** This document is current through the 2013 3rd Called Session ***

GOVERNMENT CODE
TITLE 2.  JUDICIAL BRANCH
SUBTITLE A.  COURTS
CHAPTER 25.  STATUTORY COUNTY COURTS
SUBCHAPTER A.  GENERAL PROVISIONS

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

Tex. Gov't Code § 25.0003  (2014)

**§ 25.0003.  Jurisdiction**

   (a) A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts.

(b) A statutory county court does not have jurisdiction over causes and proceedings concerning roads, bridges, and public highways and the general administration of county business that is within the jurisdiction of the commissioners court of each county.

(c) In addition to other jurisdiction provided by law, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in:

   (1) civil cases in which the matter in controversy exceeds $ 500 but does not exceed $ 200,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition; and

   (2) appeals of final rulings and decisions of the division of workers' compensation of the Texas Department of Insurance regarding workers' compensation claims, regardless of the amount in controversy.

(d) Except as provided by Subsection (e), a statutory county court has, concurrent with the county court, the probate jurisdiction provided by general law for county courts.

(e) In a county that has a statutory probate court, a statutory probate court is the only county court created by statute with probate jurisdiction.

(f) A statutory county court does not have the jurisdiction of a statutory probate court granted statutory probate courts by the Texas Probate Code.

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

Tex. Gov't Code § 26.043  (2014)

§ 26.043.  Civil Matters in Which County Court Is Without Jurisdiction

A county court does not have jurisdiction in:

(1) a suit to recover damages for slander or defamation of character;

(2) a suit for the enforcement of a lien on land;

(3) a suit in behalf of the state for escheat;

(4) a suit for divorce;

(5) a suit for the forfeiture of a corporate charter;

(6) a suit for the trial of the right to property valued at $ 500 or more and levied on under a writ of execution, sequestration, or attachment;

(7) an eminent domain case; or

(8) a suit for the recovery of land.

APPENDIX 3
*Bishop v. TransCanada Keystone Pipeline*, 2014 Tex. App. LEXIS 1140 (Tex. App.–Tyler 2014, no pet.)



MICHAEL BISHOP, APPELLANT v. TRANSCANADA KEYSTONE PIPELINE, L.P., APPELLEE

NO. 12-13-00054-CV

COURT OF APPEALS OF TEXAS, TWELFTH DISTRICT, TYLER

*2014 Tex. App. LEXIS 1130*

January 31, 2014, Opinion Delivered

**PRIOR HISTORY:** [*1]
Appeal from the County Court at Law of Nacogdoches County, Texas (Tr.Ct.No. CV1213077).

**COUNSEL:** Michael Bishop, Appellant, Pro se.

For Appellee: James Andrew Freeman.

**JUDGES:** Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

**OPINION BY:** BRIAN HOYLE

**OPINION**

*MEMORANDUM OPINION*

Michael Bishop appeals the trial court's order granting TransCanada Pipeline, L.P.'s plea to the jurisdiction. In one issue, Bishop contends that the trial court erred in determining that it lacked subject matter jurisdiction. We affirm.

**BACKGROUND**

The Keystone Pipeline System traverses several states and extends as far south as Cushing, Oklahoma. TransCanada sought to install two additions to the Keystone Pipeline System. One of these additions, the Gulf Coast Project, would extend the pipeline from Cushing, Oklahoma, to crude petroleum storage terminal facilities near Nederland and Houston, Texas.

TransCanada's planned path for the Gulf Coast Project went through Bishop's property in Nacogdoches County. TransCanada attempted to negotiate an easement and pipeline right of way through Bishop's property, but negotiations proved unsuccessful. Thereafter, TransCanada brought a condemnation proceeding in the County Court at Law of Nacogdoches County.

Bishop did not believe that TransCanada had the right of eminent domain.  [*2] He also did not agree with the value that the special commissioners of Nacogdoches County assigned to TransCanada's proposed easement and pipeline right of way. Bishop and TransCanada mediated their dispute and agreed to a settlement whereby TransCanada would pay Bishop and Bishop would give TransCanada an easement and pipeline right of way across his property. As a result, Bishop signed a mediation settlement, a settlement agreement and release, and an easement and pipeline right of way agreement.

Less than one month after signing the documents that settled the initial cause between the parties, Bishop, proceeding pro se, filed a new suit in the County Court at Law of Nacogdoches County seeking rescission of the easement and pipeline right of way agreement. In his petition, he alleged that he signed the agreements with TransCanada as a result of coercion, duress, and fraud. TransCanada filed a counterclaim for breach of contract.

At a hearing on Bishop's motion for temporary injunction, the trial court raised the question of its jurisdiction over the case because Bishop sought rescission of the easement and the county court at law did not have jurisdiction over disputes involving title  [*3] to land. In response, Bishop filed a brief on the issue, in which he argued that the trial court had jurisdiction because (1) it previously had exercised jurisdiction over TransCanada's condemnation suit and (2) the case involved simple breach of contract and fraud claims that did not involve title to property. In partial support of his second argument, Bishop referenced a statement that TransCanada made in its counterclaim against him that the case "boils down to a simple contractual dispute." TransCanada filed a plea to the jurisdiction, in which it contended that the county court at law lacked jurisdiction because Bishop's claims necessarily involved TransCanada's easement across Bishop's property, and, thus, title to his land. The trial court granted TransCanada's plea to the jurisdiction and dismissed Bishop's claims. TransCanada nonsuited its counterclaims without prejudice, and this appeal followed.

**JURISDICTION**

In his sole issue, Bishop contends that the trial court erred in granting TransCanada's plea to the jurisdiction.

**Standard of Review and Applicable Law**

Subject matter jurisdiction is essential to the authority of a trial court to decide a case. ***Tex. Ass'n of Bus. v. Tex. Air Control Bd.**, 852 S.W.2d 440, 443 (Tex. 1993).*  [*4] A plea questioning the trial court's jurisdiction raises a question of law that we review de novo. ***State v. Holland**, 221 S.W.3d 639, 642 (Tex. 2007).* In reviewing a plea to the jurisdiction, we consider the pleadings and any evidence relevant to the jurisdictional issue. ***Tex. Dep't of Crim. Justice v. Miller**, 51 S.W.3d 583, 587 (Tex. 2001).* The plaintiff has the burden of alleging facts sufficient to demonstrate the trial court's jurisdiction. ***Tex. Dep't of Parks & Wildlife v. Miranda**, 133 S.W.3d 217, 226 (Tex. 2004).* If the pleadings illustrate incurable defects in jurisdiction, a plea to the jurisdiction is properly granted. ***Id**. at 226-27.*

The County Court at Law of Nacogdoches County is a statutory county court. *See TEX. GOV'T CODE ANN. § 25.1761 (West 2004).* A statutory county court has the same jurisdiction as a constitutional county court. *See **id**. § 25.0003(a) (West Supp. 2013).* It does not have jurisdiction in "a suit for recovery of land." ***Id**. § 26.043(8) (West 2004).* A statutory county court has no jurisdiction over cases in which the gist of the plaintiff's claim is an adjudication of title even if the judgment sought does not include an express grant of relief with respect  [*5] to title. ***Merit Mgmt. Partners I, L.P. v. Noelke**, 266 S.W.3d 637, 647 (Tex. App.--Austin 2008, no pet.).* When a party seeks rescission of a contract to purchase real property, a county court lacks jurisdiction. ***Gossett v. Manley**, 43 S.W.2d 622, 623 (Tex. Civ. App.--Waco 1931, writ ref'd)*; *see also **Loville v. Loville**, 944 S.W.2d 818, 819 (Tex. App.--Beaumont 1997, writ denied).*

A suit for the recovery of land encompasses actions that affect several interests in land, not just fee simple ownership. ***Merit Mgmt. Partners I**, 266 S.W.3d at 643.* An easement is a nonpossessory interest in land that authorizes the use of the property for only particular purposes. ***Marcus Cable Assocs., L.P. v. Krohn**, 90 S.W.3d 697, 700 (Tex. 2002).* The land benefitted by the easement is the dominant estate, and the land burdened by the easement is the servient estate. ***LaTaste Enters. v. City of Addison**, 115 S.W.3d 730, 735 (Tex. App.--Dallas 2003, pet. denied).* An easement

includes "the right to do whatever is reasonably necessary for full enjoyment of the rights granted." *Whaley v. Cent. Church of Christ*, 227 S.W.3d 228, 231 (Tex. App.--Houston [1st Dist.] 2007, no pet.). If a suit involves the determination of ownership [*6] of an easement, the county court lacks jurisdiction. *See Coughran v. Nunez, 133 Tex. 303, 127 S.W.2d 885, 887 (Tex. 1939)* (where determining ownership of easement necessary to resolve parties' dispute, matter "necessarily involved the trial of title to real estate").

## Analysis

Here, Bishop's argument that the county court at law has jurisdiction is twofold. First, he argues that the county court at law has jurisdiction because it exercised jurisdiction over TransCanada's prior condemnation suit. Next, he argues that his suit against TransCanada is a simple breach of contract and fraud action and does not involve title to property or ownership.

In considering Bishop's first argument, we initially note that every case must stand on its own merits, and we review the pleadings to determine whether subject matter jurisdiction exists. *See Miller*, 51 S.W.3d at 587. Moreover, subject matter jurisdiction cannot be waived. *Tex. Air Control Bd.*, 852 S.W.2d at 443-44 ("Subject matter jurisdiction is never presumed and cannot be waived."). Finally, the county court at law can have jurisdiction over one type of action between two parties, but lack jurisdiction over another type of action between the same parties. [*7] *See TEX. PROP. CODE ANN. § 21.001* (West 2004) ("District courts and county courts at law have concurrent jurisdiction in eminent domain cases"); *see also Lower Nueces River Water Supply Dist. v. Cartwright, 319 S.W.2d 158, 161 (Tex. Civ. App.--San Antonio 1958), aff'd as modified, 160 Tex. 239, 328 S.W.2d 752 (Tex. 1959)* ("While only a district court has jurisdiction over title, both a district court and a county court may have jurisdiction over condemnation."). Accordingly, the county court at law's exercise of jurisdiction in the first suit is of no moment in the case at hand.

We next turn to Bishop's second argument. Even though his claims against TransCanada are pleaded as causes of action for breach of contract and fraud, the focal point of the action is the validity of the easement granted by Bishop to TransCanada. In his petition, Bishop specifically requested that the court (1) prohibit TransCanada from exercising its rights under the easement and (2) rescind the easement and pipeline right of way agreement. Bishop argues TransCanada's statement in its counterclaim that the case "boils down to a simple contractual dispute" supports his characterization of his cause. However, even assuming [*8] arguendo that TransCanada's pleadings could be determinative of the issue, our reading of the sentence in TransCanada's counterclaim to its completion reveals references to the easement and pipeline right of way conveyed by Bishop.

In sum, a statutory county court has no jurisdiction over cases in which the gist of the plaintiff's claim is an adjudication of title, even if the judgment sought does not include an express grant of relief with respect to title. *See Merit Mgmt. Partners I*, 266 S.W.3d at 647. Here, the gist of Bishop's action involves rescission of the easement. Therefore, the county court at law lacked jurisdiction over Bishop's claim. *See Nunez, 127 S.W.2d at 887*; *Gossett*, 43 S.W.2d at 623. Bishop's sole issue is overruled.

## DISPOSITION

Having overruled Bishop's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**

Justice

Opinion delivered January 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

**JUDGMENT**

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment  [*9] of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **MICHAEL BISHOP**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.